1    Abraham J. Colman (SBN 146933)
     Email: acolman@reedsmith.com
2    Raagini Shah (SBN 268022)
     Email: rshah@reedsmith.com
3    355 South Grand Avenue, Suite 2900
     Los Angeles, CA  90071-1514
4    Telephone:  +1 213 457 8000
     Facsimile:   +1 213 457 8080
5
     Attorneys for Defendant
6    Bank of America Corporation

7

FILED

SEP 10 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MEJ

8

9            UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

11

C 12    4717

12   CISCO VILLALTA, an individual        Case No:

13                  Plaintiff,            [Removal from Superior Court of
                                          California, County of San MateoCase
14         vs.                            CIV 515646]

15   BANK OF AMERICA CORPORATION ,        **NOTICE OF REMOVAL OF CIVIL**
     a Delaware corporation, and DOES 1   **ACTION UNDER 28 U.S.C. § 1441(b)**
16   through 10 inclusive,                **AND (c)**

17                  Defendants.           **[FEDERAL QUESTION]**

18

19                                        Complaint Filed: July 26, 2012

20

21

FAXED

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-110516915.1-RRSHAH 9/10/12 10:27 AM

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2 **NORTHERN DISTRICT OF CALIFORNIA:**

3        PLEASE TAKE NOTICE that Defendant BANK OF AMERICA
4 CORPORATION hereby removes this action described below from the Superior
5 Court of California for San Mateo County to the United States District Court for the
6 Northern District of California, pursuant to Sections 1331, 1441(b) and (c), and 1446
7 of Title 28 of the United States Code ("U.S.C."). The removal is based on the
8 following:

9 I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER
10        JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

11        1.      On July 26, 2012, Plaintiff Cisco Villalta ("Plaintiff") filed a complaint
12 ("Complaint") against Bank of America Corporation in the Superior Court of the State
13 of California for the County of San Mateo, entitled Cisco Villalta v. Bank of America
14 Corporation, Case No. CIV 515646 (hereinafter, the "State Court Action"). The
15 Complaint alleges (1) Violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C.
16 Section 1681 et seq; (2) Violation of the California Consumer Credit Reporting
17 Agencies Act ("CCRAA"), California Civil Code Section 1725.25; (3) Intentional
18 Interference With Prospective Economic Advantage; (4) Libel and Slander; and (5)
19 Negligence. The Complaint and Summons are attached hereto as **Exhibit A**, as
20 required by 28 U.S.C. §1446(a).

21        2.      This action is a civil action over which this Court has original jurisdiction
22 under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to
23 28 U.S.C. § 1441(b) in that it is a civil action arising under the laws of the United
24 States, specifically the FCRA.

25        3.      This Court also has supplemental jurisdiction over Plaintiff's state claims
26 as these claims arise from the same core operative facts relating to Bank of America
27 Corporation's alleged violations of the FCRA. Accordingly, Plaintiff's state law
28 claims are related to Plaintiff's federal question claims, and thereby form a part of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    same case and controversy pursuant to 28 U.S.C. § 1367(a).

2    II.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

3          4.      Bank of America Corporation was served with the Complaint on August
4    13, 2012.

5          5.      This Notice of Removal is timely in that it is filed within thirty (30) days
6    from the point at which Bank of America Corporation had notice that the action was
7    removable, and less than a year after the commencement of the state court action. See
8    28 U.S.C. § 1446(b).

9          6.      The Superior Court of California for the County of San Mateo is located
10   within the United States District Court for the Northern District of California—San
11   Francisco Division. See 28 U.S.C. § 84(c)(2). Thus venue is proper in this Court
12   because it is the "district and division embracing the place where such action is
13   pending." 28 U.S.C. § 1441(a).

14         7.      The only defendant named in the Complaint is Bank of America
15   Corporation. Accordingly, all named defendants consent to this removal.

16         8.      In compliance with 28 U.S.C. § 1446(d), Bank of America Corporation
17   will serve on Plaintiff and will file with the Clerk of the Superior Court for the County
18   of San Mateo, a written "Notice to the Clerk of the Superior Court of the County of
19   San Mateo and To Adverse Parties of Filing of Notice of Removal of Civil Action to
20   Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

21         9.      No previous application has been made for the relief requested herein.

22   ///

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    WHEREFORE, Bank of America Corporation respectfully removes this action

2  from the California Superior Court for the County of San Mateo to this Court pursuant

3  to 28 U.S.C. §§ 1332, 1441 and 1446.

4
      DATED: September 10, 2012
5

6

7                                    REED SMITH LLP

8                              By _____
9                                    Abraham J. Colman
                                     Raagini Shah
10                                   Attorneys for Bank of America Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US_ACTIVE-110516915.1-RRSHAH 9/10/12 10:27 AM
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367 AND 1441

**EXHIBIT A**

AUG 1 3 2012

**SUM-100**

| **SUMMONS** | SHERIFF'S DEPARTMENT | FOR COURT USE ONLY |
|---|---|---|
| **(CITACION JUDICIAL)** | L.A. CIVIL PROCESS | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bank of America Corporation

2012 AUG -1  PM 12· 16

COURT SVCS. DIVISION
COUNTY COURTHOUSE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Cisco Villalta

**ENDORSED FILED**
**SAN MATEO COUNTY**

**JUL 2 6 2012**

Clerk of the Superior Court
By _____ G. MARQUEZ
**DEPUTY CLERK**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of CA, San Mateo County<br><br>500 County Center,<br>Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):* **CIV 5 1 5 6 4 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cisco Villalta, 564 S. Oak Park Way, Emerald Hills, CA 94062

| | | | |
|---|---|---|---|
| DATE: July 26, 2012<br>*(Fecha)* | **JOHN C. FITTON** | Clerk, by<br>*(Secretario)* **G. MARQUEZ** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Cisco Villalta, CA Bar No. 212761<br>564 S. Oak Park Way, Emerald Hills, CA 94062<br><br>TELEPHONE NO.: 650-743-2520   FAX NO.: 650-506-8568<br>ATTORNEY FOR *(Name):* Cisco Villalta | SHERIFF'S DEPARTMENT<br>L.A. CIVIL PROCESS<br>**RECEIVED**<br>2012 AUG —1  PM 12: 16<br><br>JUL 2 6 2012<br>COURT SVCS. DIVISION<br>COUNTY COURT CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 500 County Center,
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern

CASE NAME:

| **CIVIL CASE COVER SHEET**<br>☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER CIV 5 1 5 3 4 6<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 26, 2012

Cisco Villalta
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

0000007

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

0000008

SHERIFF'S DEPARTMENT
L.A. CIVIL PROCESS

**ENDORSED FILED**
**SAN MATEO COUNTY**

CISCO VILLALTA (State Bar No. 212761)
564 S. Oak Park Way
Emerald Hills, California 94062
Telephone: (650) 743-2520
Facsimile: (650) 506-8568

2012 AUG -1 PH 12· 16

COURT SVCS. DIVISION
COUNTY COURTHOUSE

**JUL 2 6 2012**

**Clerk of the Superior Court**
By _____ **G. MARQUEZ**
**DEPUTY CLERK**

Attorney for Plaintiff
VILLALTA

## SUPERIOR COURT FOR THE

## COUNTY OF SAN MATEO

**CIV 5 1 5 6 4 6**

| | |
|---|---|
| CISCO VILLALTA, an individual, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND' INJUNCTIVE RELIEF** |
| v. | |
| BANK OF AMERICA CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive, | 1. VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT |
| Defendants. | 2. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE |
| | 3. LIBEL AND SLANDER |
| | 4. GENERAL NEGLIGENCE |

**JURY TRIAL DEMANDED**

Plaintiff Villalta (hereinafter "Plaintiff") hereby alleges as follows:

1

COMPLAINT

## PARTIES

1.      Plaintiff is now and was at all times mentioned herein an individual residing in San Mateo County, State of California.

2.      Defendant BANK OF AMERICA CORPORATION (hereinafter "BOA") is now and was at all times mentioned herein a corporation doing business in the State of California, County of San Mateo.

3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. When the true names are discovered, Plaintiff will seek leave to amend this complaint to insert these names, together with any necessary and proper words to charge them.

4.      Plaintiff is informed and believes and thereon alleges that the fictitious Defendants, and each of them, were agents, servants, and employees of their co-defendants, and in doing the things herein alleged, were acting within the course and scope of such agency and employment with the consent and permission of their co-defendants herein, and each of them.

## FIRST CAUSE OF ACTION

### [VIOLATION OF THE FAIR CREDIT REPORTING ACT AND THE CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST ALL DEFENDANTS]

5.      Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

6.       Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec 1681a(c) of the Fair Credit Reporting Act and by Civ. Code Section 1785.3(b) of the Consumer Credit Reporting Agencies Act. All defendants are "persons" as defined by Civ. Code Section 1785.3(j). All defendants are also "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act.

7.      Plaintiff and his wife, Mrs. Gwen Harrison, are customers of BOA's credit cards, checking and savings accounts, home mortgage and auto loan.

8.      On or about February 2012, BOA closed Mrs. Harrison's credit card account after a review of her credit report. Plaintiff and Mrs. Harrison immediately contacted BOA to

2                                                                          COMPLAINT

understand BOA's decision, explain the discrepancies on Mrs. Harrison's credit report and provide detailed financial information regarding Plaintiff and Mrs. Harrison. BOA reviewed the information provided by Plaintiff and Mrs. Harrison as well as the past use by Plaintiff and Mrs. Harrison of the credit card account that was closed.

9. In its review, BOA acknowledged and understood that Plaintiff and Mrs. Harrison were using Mrs. Harrison's credit card account as overdraft protection for Plaintiff and Mrs. Harrison's BOA checking account. In determining that Plaintiff and Mrs. Harrison were financially sound, BOA re-opened Mrs. Harrison's credit card account and informed Plaintiff and Mrs. Harrison that they could continue using the credit card.

10. On or about March 2012 (after Mrs. Harrison's BOA credit card account was re-opened), certain charges debited against Plaintiff's checking account, including a minimum payment to Plaintiff's BOA credit card, and Plaintiff's checking account did not attempt to draw funds from Mrs. Harrison's BOA credit card account for overdraft protection. After noticing a late fee and increased minimum payment on Plaintiff's BOA credit card, Plaintiff contacted BOA to explain that his checking account should have drawn funds from Mrs. Harrison's credit card account to cover the minimum payment for Plaintiff's BOA credit card. The BOA customer service representative acknowledged this, reversed the late fee and informed Plaintiff that no negative reporting would be made to Plaintiff's credit bureau report.

11. On or about April 2012, Plaintiff's BOA credit card payment attempted to draw against Plaintiff's checking account and again there were insufficient funds and no attempt by Plaintiff's checking account to draw funds from Mrs. Harrison's BOA credit card. Plaintiff again contacted BOA customer service, was informed that Mrs. Harrison's BOA credit card was not re-linked (after being re-opened) to Plaintiff's checking account to provide overdraft protection. Plaintiff immediately made a payment by phone to cover the delinquent payments and BOA informed Plaintiff that Mrs. Harrison's BOA credit card was now re-linked to Plaintiff's checking account to provide overdraft protection. The BOA credit card customer service representative waived the applicable late fees and informed Plaintiff that no negative report would be made to Plaintiff's credit bureau report. Also, the BOA checking account customer

service representative reversed all non-sufficient fund fees incurred as a result of BOA not re-linking Mrs. Harrison's credit card to provide overdraft protection for Plaintiff's checking account

12. On or about April 2012, BOA reported Plaintiff's BOA credit card as 30 days late to the credit reporting bureaus. Plaintiff immediately contacted BOA to remove the 30 day late remark from Plaintiff's credit report and BOA refused to do so despite being informed by Plaintiff of all of the allegations outlined in this complaint and despite having detailed records of the same. Despite the insistence of Plaintiff, the Defendants, and each of them, refused to correct the 30 day late reporting that was due to BOA's error.

13. In the entire course of their actions, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act and the Consumer Credit Reporting Agencies Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of a consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently furnishing to credit reporting agencies information about Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of the such investigations were known, or should have been known, to the defendants; and

e. By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting.

14. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in amount that will be proven at time of trial. As provided under the cited

4                                                          COMPLAINT

laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorneys' fees.

15. Plaintiff alleges that Defendants acted with fraud, oppression and malice towards the Plaintiff and towards others similarly situated. Specifically, Defendants deliberately have inefficient procedures for correcting negative reports to the credit bureaus because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the Defendants to correct the reports. Defendants are amazingly efficient at reporting derogatory and painfully inefficient at removing them for precisely the same reason: a certain number of consumers would not fight them to remove the derogatory report. Defendants know that their systems intimidate consumers and are set up to maliciously cause oppression to consumers.

## SECOND CAUSE OF ACTION

## [INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANTS]

16. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

17. Plaintiff notified the Defendants that the derogatory remark Defendants had made about them was inaccurate and due to Defendants' errors, yet the Defendants failed to correct this situation by promptly removing the remark from Plaintiff's credit report. Defendants also continued to re-report the derogatory remark, even after BOA acknowledged to Plaintiff that Defendants would not make such remark and acknowledged that BOA made an error by not re-linking the subject credit card and checking account.

18. The Defendants persisted in reporting the derogatory remark to credit reporting agencies despite knowing that Plaintiff's credit card payment was only late due to Defendants' errors, thus intentionally interfering with the above-referenced economic advantage of Plaintiff. As a legal result of Defendants' acts, Plaintiff has incurred damages including lost credit opportunities and damage to credit reputation, and will incur additional lost opportunities and money in the future in an amount which is continuing and which will be proved at trial. This

5                                                                      COMPLAINT

amount is presently believed to be substantially in excess of the minimum jurisdictional limits of this court. Plaintiff has also sustained general damages according to proof.

19. The acts of Defendants as set forth herein were undertaken with the intent to injure Plaintiff or with a willful and conscious disregard of the rights of Plaintiff and constitute clear and convincing evidence of the Defendants' despicable, outrageous, oppressive, malicious and fraudulent conduct pursuant to Civil Code Section 3294, entitling Plaintiff to punitive and exemplary damages for the sake of example and by way of punishing the Defendants.

### THIRD CAUSE OF ACTION

### [LIBEL AND SLANDAR AGAINTS DEFENDANTS]

20. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

21. The reports by Defendants to the credit bureaus, which were then picked up as derogatory marks on Plaintiff's credit report and published by the credit bureaus, constitute false and unprivileged statements denigrating Plaintiff's credit worthiness and standing in the financial community. These reports were and are both libelous on their face and also understood as libelous in their content. Defendants continued and still continue to publish these reports despite being notified on several occasions of their falsity.

22. As a result of these false reports, Plaintiff's reputation has been injured and they have suffered a reduction in esteem, respect, goodwill and confidence in the community, not to mention damage to his credit rating. As such, the false statements alleged herein are both slanderous and libelous per se.

23. As a direct and proximate cause of the defamatory statements Plaintiff has suffered general and special damages above the minimum jurisdictional limits of this court. The acts of Defendants as set forth herein were undertaken with the intent to injure Plaintiff or with a willful and conscious disregard of the rights of Plaintiff, and specifically with the intent of making Plaintiff sue to preserve his credit standing. As such, it constitutes clear and convincing evidence of Defendants' despicable, outrageous, oppressive, malicious and/or fraudulent conduct, pursuant

to Civil Code Sections 45, 46 and 3294, entitling Plaintiff to punitive and exemplary damages for the sake of example and by way of punishing Defendants.

## FOURTH CAUSE OF ACTION

### [GENERAL NEGLIGENCE AGAINST ALL DEFENDANTS]

24. Plaintiff re-alleges and incorporates all preceding paragraphs as set forth in full in this cause of action.

25. Defendants have negligently failed to correct their records regarding Plaintiff's account and have negligently failed to eliminate the derogatory mark resulting from such reporting. These allegations of negligence are based on upon information known at this time, and Plaintiff reserves the right to supplement this list as information becomes available.

26. As a result of the acts of the Defendants, Plaintiff has suffered general and special damages, in an amount which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For punitive damages against Defendants according to proof at trial;

3. For attorneys' fees where authorized by statute or law;

4. For costs of suit;

5. For civil penalties and such other penalties per each separate violation as authorized by statute;

6. For injunctive relief;

7. For any such other and further relief as this Court may deem just and

proper.

Dated: July 26, 2012

By: _____

Cisco Villalta, ESQ.

COMPLAINT

## VERIFICATION

I, Cisco Villalta, declare under penalty of perjury under the laws of the State of California that the following is true and accurate. I have read the foregoing Verified Complaint for 1) VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, 2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, 3) LIBEL AND SLANDER and 4) GENERAL NEGLIGENCE. I am informed and believe that the matters stated in the Complaint are true and on that basis allege that, to the best of my knowledge and belief, that the matters stated therein are true.

Executed this 26th day of July, 2012 in Redwood City, California.

_____
Cisco Villalta

8

0000016

COMPLAINT

**PROOF OF SERVICE — SUMMONS**
*(Use separate proof of service for each person served)*

1. I served the
   a. ☐ summons    ☐ complaint    ☐ amended summons    ☐ amended complaint
      ☐ completed and blank Case Questionnaires    ☐ Other *(specify):*
   b. on defendant *(name):*

   c. by serving    ☐ defendant    ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail serivce.** By mailing to an address outside California (by first-class mail postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ on behalf of *(specify):*
      under:  ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)          ☐ other:
             ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on *(date):*

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the Stateof California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

▶ _____
*(SIGNATURE)*

▶ _____
*(SIGNATURE)*

982(a)(9) [Rev. January 1, 1984]

WEST GROUP
Official Publisher

**0000017**

# Notary Acknowledgment

State of [_____]

County of [_____]

On [_____] before me, [_____], Notary

Public, Personally appeared [_____]

☐ Personally known to me - or- ☐ proved to me on the basis of
satisfactory evidence to be the person whose name is subscribed to the
within instrument and acknowledged to me that he/her authorized capacity,
and that by his/her signature on the instrument the person or the entity upon
behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.          (Seal)

_____

Signature of Notary

------------------------------------OPTIONAL--------------------------------------

Though the data below is not required by law, it may prove valuable to persons relying
on the document and could prevent fraudulent reattachment of this form.

DESCRIPTION OF THE ATTACHED DOCUMENT

[_____]

TITLE OR TYPE OF DOCUMENT

[_____]

NUMBER OF PAGES

[_____]

DATE OF DOCUMENT

0000018