1
2
3
4
5
6
7
8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CISCO VILLALTA,                              No. C 12-4717 MMC

12        Plaintiff,                              **ORDER ADOPTING MAGISTRATE**
                                                  **JUDGE'S RECOMMENDATION;**
13     v.                                         **DISMISSING COMPLAINT WITH**
                                                  **PREJUDICE**
14
     BANK OF AMERICA CORP.,
15
          Defendant.
16
     _____/
17

18        Before the Court is Magistrate Judge Maria-Elena James's Report and

19   Recommendation, filed December 3, 2012, by which said Magistrate Judge recommends

20   the above-titled action be dismissed.  As plaintiff Cisco Villalta was served by mail with the

21   Report and Recommendation on December 3, 2012, any objections thereto were required

22   to be filed no later than December 20, 2012.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

23   6(a), (d).  To date, no objection has been filed.

24        Having read and considered the Report and Recommendation and having

25   considered the procedural history of the above-titled action, the Court hereby ADOPTS the

26   Recommendation.

27        In so ruling, the Court has weighed the five factors identified by the Ninth Circuit as

28   particularly relevant to the question of dismissal for failure to prosecute and to comply with

**United States District Court**
For the Northern District of California

1  court orders.[1]  In that regard, the Court finds the only factor weighing against dismissal is

2  the fourth factor.  The first three factors, given plaintiff's complete lack of responsiveness to

3  court orders and the absence of any filing by plaintiff following removal of the action in early

4  September 2012,[2] weigh strongly in favor of dismissal.  The fifth factor likewise weighs in

5  favor of dismissal, for the reason that monetary sanctions do not appear appropriate given

6  the nature of the case (see Compl. ¶¶ 9-11 (alleging claims based on insufficient funds in

7  checking account)) as well as plaintiff's history of nonresponsiveness to Court directives.

8  Lastly, other possible forms of sanctions have proved ineffective (see Amended Order to

9  Show Cause, filed November 14, 2012 (warning plaintiff his failure to respond thereto could

10  result in dismissal)); In re Phenylpropanolamine Products Liab. Litig., 460 F.3d 1217, 1229

11  (9th Cir. 2006) (noting "[w]arning that failure to obey a court order will result in dismissal

12  can itself meet the 'consideration of alternatives' requirement"); cf. Ready Transp., Inc. v.

13  AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (acknowledging district court may strike

14  exhibits from docket as sanction).

15       Accordingly, the above-titled action is hereby DISMISSED with prejudice for failure

16  to prosecute and to comply with court orders.

17       **IT IS SO ORDERED.**

18  Dated: January 2, 2013

19                                          MAXINE M. CHESNEY
                                            United States District Judge

20

21

22

23

24  _____

25       [1] The five factors are "(1) the public's interest in expeditious resolution of litigation;
    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
26  public policy favoring disposition of cases on their merits and (5) the availability of less
    drastic sanctions."  See Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik
27  v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (same).

28       [2] The record before this Court does not reflect whether plaintiff filed any documents
    in the case between the filing of the complaint and removal.