IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO VILLALTA,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORP.,<br><br>    Defendant.<br>_____ / | No. C 12-4717 MMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION; DISMISSING COMPLAINT WITH PREJUDICE** |

    Before the Court is Magistrate Judge Maria-Elena James's Report and Recommendation, filed December 3, 2012, by which said Magistrate Judge recommends the above-titled action be dismissed. As plaintiff Cisco Villalta was served by mail with the Report and Recommendation on December 3, 2012, any objections thereto were required to be filed no later than December 20, 2012. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d). To date, no objection has been filed.

    Having read and considered the Report and Recommendation and having considered the procedural history of the above-titled action, the Court hereby ADOPTS the Recommendation.

    In so ruling, the Court has weighed the five factors identified by the Ninth Circuit as particularly relevant to the question of dismissal for failure to prosecute and to comply with

court orders.[1]  In that regard, the Court finds the only factor weighing against dismissal is the fourth factor.  The first three factors, given plaintiff's complete lack of responsiveness to court orders and the absence of any filing by plaintiff following removal of the action in early September 2012,[2] weigh strongly in favor of dismissal.  The fifth factor likewise weighs in favor of dismissal, for the reason that monetary sanctions do not appear appropriate given the nature of the case (see Compl. ¶¶ 9-11 (alleging claims based on insufficient funds in checking account)) as well as plaintiff's history of nonresponsiveness to Court directives.  Lastly, other possible forms of sanctions have proved ineffective (see Amended Order to Show Cause, filed November 14, 2012 (warning plaintiff his failure to respond thereto could result in dismissal)); In re Phenylpropanolamine Products Liab. Litig., 460 F.3d 1217, 1229 (9th Cir. 2006) (noting "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement"); cf. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (acknowledging district court may strike exhibits from docket as sanction).

Accordingly, the above-titled action is hereby DISMISSED with prejudice for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

Dated: January 2, 2013

MAXINE M. CHESNEY
United States District Judge

---

[1] The five factors are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  See Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (same).

[2] The record before this Court does not reflect whether plaintiff filed any documents in the case between the filing of the complaint and removal.